**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:17-cr-10105-STA-1** |
| | ) | |
| **ROLANDO BANZAN LOPEZ ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO EXTEND THE TIME TO APPEAL**

This case comes back to the Court on limited remand for the purpose of deciding whether Defendant Rolando Banzan Lopez is entitled to an extension of his deadline to appeal recent decisions issued by the Court. Defendant has responded to the Court's order directing him to address the untimeliness of two different Notices of Appeal. Defendant argues that he can show both good cause and excusable neglect to support his request to extend the deadline for the appeals. The government has responded in opposition. For the reasons set forth below, Defendant's request to extend the time to appeal is **DENIED**.

## BACKGROUND

Earlier this year, Defendant filed two Notices of Appeal in his closed criminal case. The first Notice of Appeal (ECF No. 580) appealed this Court's order denying Defendant's *pro se* motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3) based on the alleged violation of his constitutional rights and perjured testimony introduced at his sentencing hearing. The Court entered its order (ECF No. 573) on February 24, 2026. Defendant's Notice of

Appeal (ECF No. 580) was postmarked April 9, 2026, and is considered filed as of that date. The United States Court of Appeals for the Sixth Circuit docketed the appeal as case No. 26-5335.

The second Notice of Appeal (ECF No. 585) appealed this Court's order denying Defendants' motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court entered its order under seal (ECF No. 583) on May 6, 2026. Defendant's Notice of Appeal (ECF No. 585) was postmarked May 29, 2026, and is considered filed on that date. The Sixth Circuit docketed that appeal as case No. 26-5498.

The Court of Appeals issued separate orders as to each of Defendant's Notices of Appeal. On August 3, 2026, the Court of Appeals issued an order finding that Defendant had not filed his Notice of Appeal in case No. 26-5335 within the 14-day limitations period under Federal Rule of Appellate Procedure 4(b)(1)(A). However, the Court of Appeals noted that Defendant had filed his Notice of Appeal within the 30-day period for a possible extension of the deadline to appeal.

On August 4, 2026, the Sixth Circuit issued a similar order in case No. 26-5498, again finding that Defendant had not filed his Notice of Appeal in case No. 26-5498 within the 14-day limitations period under Federal Rule of Appellate Procedure 4(b)(1)(A). The Court of Appeals noted, though, that Defendant had filed his Notice of Appeal within the 30-day period for a possible extension of deadline to appeal under Rule 4(b)(4).

The Sixth Circuit remanded the case "for the limited purpose of allowing the [district] court to determine whether Lopez can show excusable neglect or good cause warranting an extension of the appeal period" for each of his untimely Notices of Appeal. Order, Aug. 3, 2026 (ECF No. 592); Order, Aug. 4, 2026 (ECF No. 593). Based on the Sixth Circuit's limited remand, the Court ordered Defendant to show pursuant to Federal Rule of Appellate Procedure 4(b)(4) whether excusable neglect exists to explain his late-filed Notices of Appeal or, in the

alternative, whether good cause exists to extend each of the separate deadlines to file his Notices of Appeal. The Court specified that Defendant had to file a written response addressed to the particular circumstances for each Notice of Appeal and meet the excusable neglect and/or the good cause standard for each.

Defendant has now filed his brief (ECF No. 596). Concerning his first Notice of Appeal, Defendant does not address what prevented him from meeting the 14-day deadline to perfect the appeal. Defendant simply reviews the fact that the Court entered its order denying his Rule 60(b) motion on February 24, 2026, and Defendant filed the Notice of Appeal 44 days later. Defendant argues that there is no evidence he acted in bad faith or with an intent not to appeal. As far as his second Notice of Appeal, Defendant states that he assumed he had 14 days to file the appeal from the date he received the Court's order, not 14 days from the date the Court entered the order. Defendant argues that his *pro se* status and lack of computer access at his correctional facility prevent him from receiving notice of court orders as quickly as other parties would. Defendant also claims that he experiences delays in his outbound mail actually leaving the prison. Defendant maintains that he has acted in good faith, and the Court has no basis to find that an extension will prejudice the government. So in Defendant's estimation, this is a case of "misunderstanding and procedural difficulty." Def.'s Br. 6 (Page ID 4210). Therefore, Defendant argues that an extension for excusable neglect is consistent with the *Pioneer* factors, particularly where the second Notice of Appeal is concerned.

The government has responded in opposition to an extension of Defendant's deadline to appeal. The United States first argues that Defendant has not shown good cause for his failure to file either Notice of Appeal in a timely fashion. Defendant has not pointed to forces outside his control, the kind of showing that would satisfy the good cause standard. Likewise, Defendant

has not shown excusable neglect because ignorance of the correct filing deadline fails to meet the standard. Therefore, the Court should not extend the time for Defendant to appeal.

**STANDARD OF REVIEW**

Federal Rule of Appellate Procedure 4 governs the time to appeal. When a defendant appeals an order in a criminal case, Rule 4(b)(1) gives the defendant 14 days from the entry of the order to file a notice of appeal. Fed. R. App. P. 4(b)(1). However, Rule 4(b)(4) authorizes the district court "before or after the time has expired, with or without motion and notice" to grant an extension of time to file the notice of appeal. Fed. R. App. P. 4(b)(4). The district court may only grant such an extension if it finds excusable neglect or good cause and "for a period not to exceed 30 days from the expiration of the time otherwise prescribed" for the notice of appeal. *Id*.

The Sixth Circuit has addressed Rule 4(b)'s good cause and excusable neglect standards in the context of appeals in criminal cases. "Good cause will be found where forces beyond the control of the appellant prevented [him or] her from filing a timely notice of appeal." *United States v. Hills*, 27 F.4th 1155, 1172 (6th Cir. 2022) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)). "Excusable neglect is determined by balancing several factors: the danger of prejudice to the other party; the length of the delay and potential impact on the proceedings; the reason for the delay, including whether it was within the party's reasonable control; and whether the movant acted in good faith." *Id*. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*., 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

**ANALYSIS**

The Court holds that Defendant is not entitled to an extension of his deadline to appeal either of the orders he seeks to appeal. Defendant has asked the Court to make a separate determination as to each Notice of Appeal. The Court will oblige that request.

## I. First Notice of Appeal (ECF No. 580)

Take the first Notice of Appeal. Filing a notice of appeal is "a purely ministerial task that requires no substantive legal argument." *Larkins v. Gray*, No. 20-3202, 2020 WL 4805580, at *1 (6th Cir. Mar. 30, 2020) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 474 (2000)). Defendant's Notice of Appeal was just that, a brief, two-sentence filing to state which order Defendant was appealing. Defendant's Notice of Appeal addressed the Court's ruling on a Rule 60(b) motion. The Court entered its order on February 24, 2026. The Notice of Appeal was deemed filed on April 9, 2026, the date on which Defendant mailed it, 44 days after the order he sought to appeal had been entered.

Despite the cursory nature of his Notice of Appeal, Defendant offers no explanation to show why he was unavoidably prevented from filing it sooner. Defendant does not explain when he actually received the Court's February 24, 2026 order, or cite any conditions he confronted during the period for his appeal, much less explain why they were beyond his control or caused him to delay filing the Notice of Appeal. The delay itself was not insignificant. Defendant did not postmark his Notice of Appeal until the last possible day to seek an extension of time. Rule 4(b) grants the Court the discretion to extend the time for appeal but only for 30 additional days beyond the 14 days allowed, that is, a total of 44 days. Fed. R. App. P. 4(b)(4). The postmark on Defendant's first Notice of Appeal was April 9, 2026, day 44 after the Court entered its order.

Defendant's first Notice of Appeal came at the eleventh hour, the final day on which Defendant could seek an extension of time. Why that was the case Defendant does not say. The only reasons given by Defendant now to explain the late filing concern general barriers common to all *pro se* litigants who are incarcerated: lack of access to electronic filing or electronic notice of court orders and a lack of legal counsel to assist with the filing. But the Sixth Circuit has held

that given the ministerial nature of a notice of appeal, "*pro se* status," "lack of legal experience," and "limited access to legal-research materials in the prison library . . . do not excuse a litigant's failure to file a timely notice of appeal." *Larkins*, 2020 WL 4805580, at *1. Without any explanation for the missed deadline or to show why the missed deadline was beyond his control, Defendant has not shown good cause for an extension of his deadline to appeal. *Hills*, 27 F.4th at 1172.

What is more, Defendant has not shown excusable neglect for his late filing. Defendant has not explained why he waited 44 days from the entry of the Court's order to post his Notice of Appeal. Without some additional information to support his request for an extension, the Court can only assume the reason for the weekslong delay was within Defendant's reasonable control. Defendant claims in conclusory fashion now that he acted in good faith at all times and with the intent to appeal the Court's order. Even accepting that claim as true, Defendant has not shown how he meets Rule 4(b)'s excusable neglect standard. Under all of the circumstances related to the first Notice of Appeal, the Court **DENIES** Defendant's request for an extension for lack of good cause or excusable neglect.

## II. Second Notice of Appeal (ECF No. 585)

Defendant's reasons for his other late Notice of Appeal fare no better. The Court entered its order denying Defendant's motion for a sentence reduction on May 6, 2026. Defendant posted his Notice of Appeal (ECF No. 585) 23 days later on May 29, 2026. Defendant missed the deadline to appeal by nine days. Under the good cause standard, Defendant has not shown what circumstance delayed him or kept him from meeting the filing deadline. Defendant refers to the fact that the order was entered under seal. Because the order included discussion of Defendant's private health information, the Court did, in fact, issue its ruling under seal. Pursuant to court

policies, all orders, whether entered under seal or not, are sent via first class U.S. mail to non-CM-ECF case participants. W.D. Tenn. Elec. Case Filing Policies & Procs. § 5.2 ("The Clerk of Court must give notice of court orders, judgments, and court hearings in paper form to *pro se* parties . . . ."). The fact then that the Court entered the order under seal would not have caused a delay in the order reaching Defendant. Other than his allusion to the fact that the order was sealed, Defendant has not pointed to any other circumstance to show that meeting the deadline was out of his control. In other words, Defendant has not shown good cause for an extension.

Likewise, Defendant has not shown excusable neglect. Defendant argues that if anything, the circumstances related to his second Notice of Appeal satisfy the excusable neglect standard. Defendant has demonstrated an awareness of the correct procedures for appealing court judgments and orders: he has filed three other notices of appeal in this Court, all of them within the proper time limit under the Federal Rules of Appellate Procedure. *See* Notice of Appeal (ECF No. 338, case no. 1:17-cr-10105) July 17, 2019; Notice of Appeal (ECF No. 11, case no. 1:24-cv-01155) Sept. 23, 2024; Notice of Appeal (ECF No. 38, case no. 1:21-cv-01097) Aug. 30, 2024.

But Defendant contends that in this instance he made a mistake and believed that he had 14 days from his receipt of the Court's order in which to appeal the decision, not 14 days from the date the Court issued the order. "Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson*, 467 F.3d at 527. In the final analysis, excusable neglect is "a strict standard which is met only in extraordinary cases." *Id.* at 526. This is not one of those cases.

## CONCLUSION

Because Defendant can show neither good cause nor excusable neglect for his failure to make timely appeals of the Court's orders, the Court **DENIES** Defendant's request to extend the deadline for both of Defendant's untimely Notices of Appeal.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 13, 2026.